(Hamilton County Court of Common Pleas.)

### 99704.  HOWARD DOUGLASS, AS EXECUTOR OF WILLIAM YOUNG, vs. DAVID W. MILLER, et al.

A title as devisee is a new title (as distinguisehd from a title by. inheritance) and is not acquired until the probate of the will.

To constitute a reduction to possession by a husband of personality belonging to his wife so that the title may vest in him, there must exist both the intent to appropriate to his own use and the act of appropriation.

SAYLER J.

It appears from the evidence in this case that John M. Miller, the father of David W. Miller, died on March 21st, 1894, leaving a will by which he bequeathed and devised the one-ninth part of his estate, consisting of personal and real property, to said David W. Miller.

This will was read to the children on March 24, 1894, and thereupon, on that day, David W. Miller executed a paper as follows:

"In consideration of certain accounts and notes due by D. W. Miller, to parties and for amounts as follows (setting out a list). all of which are hereby transferred to D. W. Miller, I hereby sell all my right and title in my father's estate devised to me in his will, to Matilda G. Miller," and which was duly signed by said David W. Miller, and delivered to Matilda G. Miller, and in writing accepted by her.

Matilda G. Miller is the wife of David W. Miller, and among the notes referred to in the paper was a note of date February 5th, 1885, for $5000, payable to, and held by her, and which note was thereupon delivered to David W. Miller, with other accounts by said Matilda G. Miller.

On March 26, 1894, a deed was executed by David W. Miller as follows:

"Know all men by these presents, that David W. Miller, of Cincinnati, Hamilton county, Ohio, in consideration of one dollar ($1.00,) and the indebtedness which he owes to Matilda G. Miller, does hereby grant, bargain, sell and convey to the said Matilda G. Miller, her heirs and assigns forever, all his right, title, interest and demand of every kind whatever, in, to and concerning the personal and real estate belonging to the estate of John M. Miller, late of Hamilton county, Ohio, being all the share and portion of said estate, both real and personal, which was devised to the said David W. Miller by the last will and testament of the said John M. Miller, deceased.

"To have and to hold the same to the said Matilda G. Miller, her heirs and assigns forever.

"In testimony whereof the said David W. Miller has hereunto set his hand this 26th day of March, A. D,, 1894."

The one dollar consideration was paid by Matilda G. Miller to David W. Miller, and the deed was duly delivered to Matilda G. Miller, and filed for record on March 26, 1894, in the Recorders' office of Hamilton county

The will of John M. Miller was probated on March 31 1894, in the Probate Coutr of Hamilton county, Ohio.

The plaintiff obtained a judgment for $2,770 and costs against David W. Miller on April 9, 1894, and on April 18, 1894, caused an execution to issue on said judgment, and to be levied on the real estate devised to David W. Miller under said will as the property of David W. Miller.

The plaintiff claims that the deed was made without any consideration, and is fraudulent and void for want of consideration and for other reasons specifically stated; that it casts a cloud on the title of David W. Miller in said real estate so that the same can not be sold on execution, and his interest in the personal property cannot be reached on execution; that it was made for the purpose of defrauding the plaintiff and other creditors, and for the purpose of hindering and delaying them in the collection of their claims, and the plaintiff asks that the cloud on the title may be removed, and that the instrument be held to be void, etc.

It appears that in 1869 Matilda G. Miller received $5000 by inheritance which was invested in a house in the name of David W. Miller, but by him transferred to her. In 1872 she borrowed $3,000 on the security of a mortgage on the house, and let her husband have the amount. In 1873 the house sold for $4,250 and the $1,250 left after paying the mortgage was taken by David W. Miller and was put in his business, and at about this time she received a further sum of $800 by inheritance, which she turned over to David W. Miller. In 1885 David W. Miller executed the $5,000 note to her for these sums of money.

The plaintiff claims this personal property of Matilda G. Miller was by David Miller reduced to his possession with her assent, under the acts of April 3, 1861 (58 O. L. 54, and of March 3, 1871 (68 O. L., 48,)and that therefore the title of the same vested in him, and consequently there was no consideration for the note executed in 1885.

l think the authorities are to the effect that to constitute a reduction to possession by a husband so that it may vest the title in him, there must exist both the intent to appropriate to his own use and the act of appropriation (Schouler on Husband and Wife, Section 156.) I do not think the evidence established any intent on the part of David W. Miller to appropriate the property of his wife to his own use, and I think therefore that there was a valid consideration for the $5,000 note, and consequently that there was a good and valuable consideration for the transfer made by Miller to his wife of his interest in the estate of his father.

That brings us to consider what was transferred by the instruments executed by David W. Miller to Matilda G. Miller on March 24, and March 26, 1894.

It will be noticed that these instruments were executed after the death of the testator and before the probate of the will.

Section 5942 of the Revised Statutes provides:

"No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or record, as provided in this title."

In the case of Woodbrige vs. Banning (14 Ohio St. 328) a testator died in 1844. His will, by which he devised certain real estate to his son, was destroyed shortly after his death. Proceedings were instituted to restore the will and to have it probated, and the will was admitted to probate in 1854. In the meantime the other children brought a suit in partition against the son to whom the real estate was devised, and in 1847 a decree of partition was entered, and in 1848 the report of the commissioners making partition was confirmed. After the probate of the will, the son to whom the real estate was devised brought suit in ejectment against parties in possession of such property. They offered in evidence the record of the partition proceedings, and claimed title under them. The court held that the record furnished no defense to the action in ejectment.

The court say that it is "very obvious that the decree in partition can not operate to bar or estop the defendant in error from setting up any title to the premises in controversy, except such as existed in him at the time that the decree was rendered; it cannot preclude him from asserting a new and independent title subsequently acquired, . . . . When the proceedings in partition were had the defendant in error had no title to the premises in controversy, unless it was by inheritance from the testator. In this suit he claims title as devised under the spoliated will now at length restored and admitted to probate. That this is a new title, acquired subsequent to the decree in partition, and never passing to the defendant in error until the spoliated will was established and admitted to probate is clear from the express words of the statute in force from a time prior to the making of the will to the present." The court then quotes section 33 of the act of 1852, which is re-inacted in Section 5942, Revised Statutes, and says: "By virtue of its provisions the estate did not pass to the devisee under the will until probate. Until then, whatever other title he may or may not have had, he had none as devisee under the will, and whether the title may in the meantime have vested, or whether the same may have been in abeyance, and whatever effect the doctrine of relation may have on the rights and liabilities of the parties after the vesting of his title as devisee, can have no effect against the express provisions of the statute"

The deed executed in the case at bar would seem to convey no greater interest than the decree of partition in that case, as in that case the decree ordered deeds of release to be executed interchangeably between the parties to it for the portions of the estate of their ancestor respectively assigned to them, and in default of compliance with the order, that the decree itself should operate as such releases; but the court says that would not make any difference, "for a conveyance, without warranty, works not estopped to the grantor who afterwards acquires title."

In the case of Walker vs. Hall, 15 Ohio St. 355, the court says:

"As in Woodbridge vs. Banning (14 Ohio St. 328.) This is a case in which by the operation of law and the act of God, there has, subsequent to the partition, ripened in favor of the demandant, a title which potentially existed in her at the time of the partition, but which was then inchoate and incapable of being asserted."

The case of Lessee of Hall vs. Ashby et al., 9 Ohio, 96, is cited to the effect that a will takes effect from the death of the testator. The court say: "No one supposes that in the case of a will made in Ohio, the tilte of the devisee takes its inception in any case from the period that the will is recorded." And the court was evidently of opinion that the will took effect from the death of the testator. But this decision must be considered in connection with the then existing statutes.

By Section 8 of the Wills act of 1808 (1 Chase, 571, 572,) it is provided:

"That before any written will or codicil can be considered valid in law, it shall be presented to the Court of Common Pleas for probate, and be proved by at least two subscribing witnesses," etc The Wills Act of 1824 (2 Chase, 1305) omitted this provision that no will shall be valid till probate is had. This change in the law is specially noted by the court in Lessee of Swazey's Heirs vs. Blackman (8 Ohio, 5, 21.) The Wills Act of 1831 (3 Chase, 1785) also omits this provision, and this act was in force until 1840. The cases of Lessee of Hall vs. Ashby (9 Ohio,) was decided in 1839, and therefore under a Wills Act containing no such provision.

The Wills Act of 1840 (1 Curwen, 685) provides by Section 33: "No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or record, as provided in this act." And this provision is re-enacted as Section 31 of the Wills Act of 1852 (2 Curen, p. 1898,) and this in turn is re-enacted as Section 5942 of the Revised Statutes as above given.

It seems to me that when David W. Miller executed the transfer of March 24, and the deed of March 26, 1894, he had no title unless by inheritance from his father; that his title as devisee was a new title acquired subsequent to the deed on the probate of the will; that the deed conveyed only such interest as he then had, and did not convey his

title as devisee, and which title he or his judgment creditors may assert as against the grantee under the deed.

I think, therefore, that the plaintiff, and such other judgment creditors as obtained a lien after the title vested, may subject the interest of David W. Miller, as devisee under the will, to the payment of their liens.

G. W. Harding, for plaintiff; Reuben Tyler, for defendants.